## BAKER et al. v. SEARS ROEBUCK & CO. et al.

### No. 7651–H.

District Court, S. D. California, Central Division.

Nov. 3, 1936.

Omer Romanes Young, of Long Beach, Cal., for plaintiffs.

Loeb, Walker & Loeb, of Los Angeles, Cal., for defendants.

HOLLZER, District Judge.

This suit was originally filed in the state court against both the vendor and the manufacturer of a stove. The plaintiffs consist of an infant child and the latter's parents. The amended complaint contains three counts. In the first count damages are sought for injuries sustained by the minor, in the second cause of action the father of the minor seeks reimbursement for moneys alleged to have been expended in treating the child, while in the third cause of action the mother seeks to recover a sum estimated to be necessary for the future treatment and healing of said minor.

Upon petition of the defendant Sears Roebuck & Co., the vendor alleging that the controversy was separable as to it, the cause was removed as to the latter to this court. Said defendant has interposed a demurrer upon both general and special grounds.

The complaint alleges that the stove in question was purchased by the parents for the use and benefit of themselves and also their minor child; that, when the stove was delivered, the same was defective by reason of the negligent manner in which it had been made and assembled and because of a certain inadequate spring attachment designed to keep the stove cover upright when the stove

was being used; that these defects were hidden and unknown to plaintiffs but were known to the vendor, who neglected to inform plaintiffs regarding the same; that, while said stove was being used by the plaintiffs, this cover, because of the aforementioned defects, fell and knocked a kettle of hot water off the stove and on to said minor child, resulting in the injuries complained of.

■ The principles of law covering the liability of persons supplying chattels for the use of others are set forth in the American Institute of Law's Restatement of the Law of Torts, § 388 et seq. Section 388 declares:

"One who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

"(a) knows, or from facts known to him should realize, that the chattel is or is likely to be dangerous for the use for which it is supplied;

"(b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and

"(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so."

Comment (d) upon this section reads: "One supplying a chattel to be used or dealt with by others is subject to liability under the rule stated in this Section, not only to those for whose use the chattel is supplied but also to third persons in whose vicinity the supplier intends or should expect it to be used."

Comment (g), which deals with clause (a) of the same section, declares in the first sentence: "The duty, which the rule stated in this Section imposes upon the supplier of a chattel for another's use, is to exercise reasonable care to give to those who are to use the chattel the information which the supplier possesses and which he should realize to be necessary to make its use safe for them and those in whose vicinity it is to be used."

Section 399 declares: "A vendor of a chattel, manufactured by a third person, who sells it knowing that it is, or is likely to be dangerous, is subject to liability as stated in Sections 388 to 390."

Section 402 provides as follows: "A vendor of a chattel manufactured by a third person is subject to liability as stated in Section 399, if, although he is ignorant of the dangerous character or condition of the chattel, he could have discovered it by exercising reasonable care to utilize the peculiar opportunity and competence which as a dealer in such chattels he has or should have."

■ The recitals set forth in the amended complaint bring this case within the rules of law thus summarized in the Restatement of the Law and accordingly require that the general demurrer be overruled.

However, the skeleton statements as to the special damages suffered by the father and mother respectively leave it uncertain as to how such damages have been computed and what items comprise the same. These uncertainties should be cured by amendment.

In preparing such amended pleading, plaintiffs can, at the same time, remove further possible criticism by alleging more definitely the period of time during which it is claimed defendant had knowledge of the alleged defects in the stove.